UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A.,<br><br>                                    Plaintiff,<br><br>vs.<br><br>CLIFFORD BOTWAY, JILL BOTWAY, AS GUARDIAN FOR CLIFFORD BOTWAY, COOPER BOTWAY, AS GUARDIAN FOR CLIFFORD BOTWAY, BEVERLY WEAVER, and LORINA ARTMANN<br><br><br><br><br>                                    Defendants. | Case No. 7:24-cv-9241<br><br><br><br>**INTERPLEADER COMPLAINT** |

Interpleader plaintiff, JPMorgan Chase Bank, N.A. ("Chase"), by way of Complaint against interpleader defendants, Beverly Weaver, Lorina Artmann, Jill Botway, as guardian for Clifford Botway, Cooper Botway, as guardian for Clifford Botway, and Clifford Botway (collectively, the "Interpleader Defendants"), states as follows:

## NATURE OF THE ACTION

1.     This is a statutory interpleader action (the "Interpleader Action"), brought pursuant to 28 U.S.C. § 1335, for the purpose of adjudicating the respective rights of the parties with respect to $1,000,000 (the "Disputed Funds") held in Chase Total Checking Account No. XXXXXXXXXXX3921(the "3921 Account").

2.     As discussed herein, Chase has received competing claims of entitlement to the Disputed Funds.

3.      Specifically, Interpleader Defendants Jill Botway and Cooper Botway, as Co-Guardians for Interpleader Defendant Clifford Botway, claim that their father, Clifford Botway, who has been declared an incapacitated person by the Dutchess County Supreme Court of the State of New York, could not have, and did not, authorize the transfer of $1,000,000 from his Chase Private Bank account, bearing Account No. XXXXX10019 (the "10019 Account"), to the 3921 Account, maintained jointly by Interpleader Defendants Beverly Weaver and her daughter, Lorina Artmann.

4.      However, Interpleader Defendant Beverly Weaver claims that Clifford Botway voluntarily transferred the Disputed Funds to the 3921 Account with the intention of making an irrevocable gift and, therefore, she is entitled to keep the Disputed Funds.

5.      Accordingly, as a neutral stakeholder, and pursuant to the terms of the Deposit Account Agreement that governs the 3921 Account (the "DAA" a copy of which is annexed hereto as Exhibit 1) and the Combined Terms and Conditions that govern the 10019 Account (annexed hereto as Exhibit 2), Chase seeks to deposit the Disputed Funds with the Court, or with a person duly authorized by the Court, in order to protect itself against multiple litigations brought by the Interpleader Defendants as to the Disputed Funds.

## PARTIES

6.      Chase is a national banking association with its main office located at 1111 Polaris Parkway, Columbus, Ohio, and banking branches located in the State of New Jersey.

7.      Upon information and belief, Clifford Botway is in individual residing in Clinton Corners, New York.

2

8.      Upon information and belief, Jill Botway, the adult child of Clifford Botway, is an individual residing at 45 Baldwin Fars, S. Greenwich, Connecticut 06831.

9.      Upon information and belief, Cooper Botway, the adult child of Clifford Botway, is an individual residing at 230 Kent Cornwall Road, Kent, Connecticut 06757.

10.     Pursuant to an Order and Commission of the Supreme Court of the State of New York, County of Dutchess, issued on August 30, 2024 by the Honroable Michael G. Hayes, AJSC, Jill and Cooper Botway were named Temporary Co-Guardians of Clifford Botway, with the power to, *inter alia,* "[i]nvestigate (a) payments made to third parties on [Clifford Botway's] behalf, (b) all transfers of funds from his sole or joint accounts, and (c) all payee and beneficiary designations." A copy of the Order and Commission is annexed hereto as Exhibit 3.

11.     Upon information and belief, Beverly Weaver is an individual residing in Clinton Corners, New York.

12.     Upon information and belief, Beverly Weaver and Clifford Botway were married on February 1, 2024.

13.     Upon information and belief, Lorina Artman is an individual residing in Keller, Texas.

14.     Upon information and belief, Lorina Artman is the daughter of Beverly Weaver.

## JURISDICTION AND VENUE

15.     This Court has jurisdiction pursuant to 28 U.S.C. § 1335.  Chase has in its custody assets of a value greater than $500, and there is minimal diversity of citizenship between at least two of the Interpleader Defendants.

3

16.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) on the basis that a substantial part of the events and omissions giving rise to this Action occurred in the Federal District in which this Court resides, and pursuant to 28 U.S.C. § 1397 on the basis that the money transfer that is the subject of this Action occurred in Dutchess County, New York.

### FACTS

#### A.     The Disputed Funds

17.     Clifford Botway maintains the 10019 Account.

18.     A copy of the signature card executed by Clifford Botway upon opening the 10019 Account is annexed hereto as Exhibit 4.

19.     The 10019 Account is governed by the Combined Terms and Conditions. (*See* Exhibit 2).

20.     Beverly Weaver and Lorina Artmann jointly maintain the 3921 Account.

21.     A copy of the signature card executed by Beverly Weaver and Lorina Artmann upon opening the 3921 Account is annexed hereto as Exhibit 5.[1]

22.     By executing the signature card, Interpleader Defendants Beverly Weaver and Lorina Artmann "acknowledge[d] receipt of the Bank's Deposit Account Agreement…which includes all provisions that apply to [the 3921 Account] and agree to[d] to be bound by the terms and conditions contained therein as amended from time to time."  (*See* Exhibit 5 at p. 1).

---

[1] The 3921 Account was reported as compromised and was replaced with account number XXXXX9750. Accordingly, the signature card for the account bears account number XXXXX9750.

23.     On January 30, 2024, a wire transfer in the amount of $1,000,000 was made from the 10019 Account to the 3921 Account pursuant to instructions received by Clifford Botway.

24.     The Disputed Funds were then used to purchase a certificate of deposit in the amount of $960,00.00 in Lorina Artmann's name (the "CD").

25.     In or about March 2024, Chase first received conflicting instructions regarding control of the Disputed Funds from Jill Botway, Beverly Weaver and Lorina Artmann.

26.     On March 19, 2024, Chase sent adverse claim letters to Lorina Artmann and Jill Botway, as agent of Clifford Botway.  Copies of the adverse claim letters are collectively annexed hereto as Exhibit 6.

27.     In accordance with its rights under the Deposit Account Agreement and Combined Terms and Conditions, Chase restricted the CD purchased with the Disputed Funds until maturity, then liquidated the CD, deposited the Disputed Funds into the 3921 Account, and froze the Disputed Funds on or about October 4, 2024.

**B.    Current Status of the Dispute Between Interpleader Defendants**

28.     Lorina Artmann and Beverly Weaver (who jointly maintain the 3921 Account into which the Disputed Funds were transferred), on the one hand, and Jill and Cooper Botway, as Co-Guardians of Clifford Botway, on the other hand, have asserted competing and conflicting claims to the Disputed Funds.

29.     Jill and Cooper Botway have advised Chase that their 98-year old father, Clifford Botway, suffers from a significant deterioration of his cognitive abilities, and that he did not – or could not – authorize the transfer of $1,000,000 to Beverly Weaver

and Lorina Artmann.  Accordingly, they claim that the $1,000,000 belongs to, and should

be returned to, Clifford Botway.

30.     A copy of a letter from counsel for Jill and Cooper Botway, dated November

7, 2024, asserting their claim of entitlement to the Disputed Funds on behalf of Clifford

Botway is annexed hereto as Exhibit 7.

31.     Beverly Weaver also claims that she is entitled to the Disputed Funds on

grounds that the money was given to her as a gift by her now-husband, Clifford Botway.

32.     A copy of a letter from counsel for Beverly Weaver, dated November 11,

2024, asserting her claim to the Disputed Funds, is annexed hereto as Exhibit 8.

33.     The DAA and Combined Terms and Conditions permits Chase to restrain

and interplead funds when there are competing claims to such funds.

34.     Specifically, the DAA states as follows:

> **H.     Adverse Claims**
> If there are conflicting instructions or there is any dispute regarding
> your account, we may take any action, including refusing to disburse
> any funds in the account to any person until all persons claiming an
> interest consent in writing to a resolution of the dispute; or a court
> of proper jurisdiction authorizes or directs the payment; or the person
> with a conflicting claim withdraws his or her claim in writing.  WE
> may also place funds in a court (this is called an interpleader action)
> for resolution.  If any person notifies us of a dispute, we do not have
> to decide if the dispute has merit before we take further action.  We
> may take these actions without any liability and without advance
> notice, unless the law says otherwise.

(*See* Ex. 1, at p. 23.)

35.     Similarly, the Combined Terms and Conditions state as follows:

> **Adverse Claims**
> Upon receipt of oral or written notice from any party of a claim
> regarding the Account, we may place a hold on your Account and
> shall be relieved of any and all liability for our failure or refusal to
> honor any item drawn on your Account or any other withdrawal

6

instruction.  We may file an action in interpleader with respect to any Account where we have been notified of disputed claims to that Account.  If any person asserts that a dispute eists, we are not required to determine whether that dispute has merit in order to refuse to honor the item or withdrawal instruction, or to interplead any funds in the Account.

(*See* Ex. 2 at pp. 34-35).

## FIRST COUNT
### (Statutory Interpleader Pursuant to 28 U.S.C. § 1335)

36.    Chase is an uninterested stakeholder, currently in possession of the Disputed Funds, over which there are competing claims by the Interpleader Defendants.

37.    Chase has a real and reasonable fear of double liability or vexatious, conflicting claims regarding the 3921 Account, and is not in a position to determine which party's claim to the money in the 3921 Account is meritorious.

38.    Chase is ready and willing to turn over the Disputed Funds, currently held in the 3921 Account, (minus any applicable charges, commissions, withholdings, costs and/or fees) to the person or entity entitled to them, but Chase is unable, without hazard to itself and risk of being subjected to multiple claims, to make the determination as to which party is entitled to the Disputed Funds.

39.    Chase is ready, willing, and able, and indeed requests the right, to deposit the Disputed Funds, totaling $1,000,000 (minus any applicable charges, commissions, withholdings, costs and/or fees), with either the Court or a person duly authorized by the Court.

40.    Chase has no means other than this action of protecting itself against multiple litigations as to the Disputed Funds on the part of the Interpleader Defendants.

**WHEREFORE**, Chase demands judgment pursuant to 28 U.S.C. § 1335 as follows:

a.      Directing Chase to deposit the entirety of the Disputed Funds (minus any applicable charges, withholdings, costs and/or fees) with this Court;

b.      Dismissing Chase from this Action with prejudice and enjoining and restraining the Interpleader Defendants, as well as any other persons or entities that may assert any claims against Chase relating to the Disputed Funds, from commencing or prosecuting any other action or proceeding against Chase to recover a portion or all of the Disputed Funds;

c.      Discharging Chase from all liabilities to the Interpleader Defendants arising out of the matters set forth herein upon Chase's payment of the entirety of the Disputed Funds deposited in 3921 Account (minus any applicable charges, withholdings, costs and/or fees) into Court; and

d.      Granting Chase such other and further relief as the Court deems just and equitable.

Dated:  New York, New York          SHERMAN     ATLAS     SYLVESTER     &
            December 3, 2024                   STAMELMAN, LLP

                                                      By:____/s Lauren C. Watson_____
                                                             Anthony Valenziano
                                                             Lauren C. Watson
                                                             1185 Avenue of the Americas, 3rd Floor
                                                             New York, NY 10036
                                                             Tel. No: (212) 763-6466
                                                             *Attorneys for Interpleader Plaintiff,*
                                                             *JPMorgan Chase Bank, N.A.*